IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-163

 No. COA20-873

 Filed 15 March 2022

 Moore County, No. 18 CRS 52027; 19 CRS 52656

 STATE OF NORTH CAROLINA

 v.

 CONNOR ORION BRADLEY, Defendant.

 Appeal by Defendant from judgments entered 29 July 2020 by Judge James M.

 Webb in Moore County Superior Court. Heard in the Court of Appeals 7 September

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Ebony J.
 Pittman, for the State.

 Stephen G. Driggers, for Defendant-Appellant.

 WOOD, Judge.

¶1 Defendant Connor Orion Bradley (“Defendant”) appeals two judgments

 revoking his probation. On appeal, Defendant argues the trial court erred by

 revoking his probation based on the findings he (1) possessed Schedule II and

 Schedule IV controlled substances and (2) maintained a place for a controlled

 substance. For the reasons stated herein, we affirm the trial court’s revocation of

 Defendant’s probation.
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 I. Factual and Procedural Background

¶2 On September 5, 2019, Defendant entered a guilty plea to one count of indecent

 liberties with a child in 18 CRS 052027. The trial court sentenced Defendant to a

 term of 16 to 29 months in confinement, suspended the sentence, and placed

 Defendant on 30 months of supervised probation.

¶3 On September 30, 2019, Defendant’s probation officer, Ilissa Epps, filed a

 probation violation report. In the report, Epps attested under oath

 1. The Defendant committed the offense of driving while
 his . . . license was revoked . . . . The Defendant also
 committed the criminal offenses of driving a vehicle with
 no registration, no inspection, and [fictitious title /
 registration card and tag] . . . .

 2. The Defendant committed the criminal offense of failure
 to register his address within 3 business days of change of
 address. . . . This is in violation of . . . [N.C. Gen. Stat. §]
 14-208.9(A).

¶4 On November 6, 2019, Defendant entered another guilty plea to one count of

 failing to register his new address as a sex-offender in file number 19 CRS 052656.

 That same day, the trial court entered an order finding Defendant had violated the

 terms and conditions of his probation as set out in the violation report. Defendant

 was sentenced to an intermediate punishment of 38 days in prison and was given

 credit for 38 days served. Also, on November 6, 2019, the trial court entered judgment

 against Defendant sentencing him to 17 to 30 months in confinement. The trial court

 suspended this sentence and placed Defendant on 30 months of supervised probation
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 under the same conditions set forth in 18 CRS 052027.

¶5 After Defendant was placed on probation for failure to register his address as

 a sex offender, he submitted to a risk assessment. The risk assessment found

 Defendant to be a “high risk offender.” As a result, the Division of Community

 Corrections amended the conditions of Defendant’s probation by requiring he submit

 to a curfew and wear an electronic monitoring device.

¶6 Less than five months after Defendant’s probation began, Epps once again filed

 a probation violation report in each case. The violation report for 18 CRS 052027

 alleged Defendant had 1) failed to pay any money since being placed on probation, 2)

 failed to pay any supervision fees since being placed on probation, and 3) committed

 the criminal offense of possession with the intent to deliver a schedule IV controlled

 substance, maintaining a place for a controlled substance, simple possession of a

 scheduled II controlled substance, and simple possession of a schedule IV controlled

 substance. The violation report for 19 CRS 052656 alleged Defendant 1) failed to pay

 any money since being placed on probation and 2) committed the criminal offense of

 possession with the intent to deliver a schedule IV controlled substance, maintaining

 a place for a controlled substance, simple possession of a scheduled II controlled

 substance, and simple possession of a schedule IV controlled substance.

¶7 The trial court held a hearing on these violation reports on July 29, 2020. At

 the hearing, Defendant denied he had “knowingly and willfully and without legal
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 justification violated the terms and conditions of his probation.”

¶8 The State presented evidence which tended to show the following: On March

 19, 2020, Amanda Gooch (“Gooch”) was driving her grandmother’s vehicle in which

 Defendant was a passenger in the front passenger seat. While driving, Gooch was

 pulled over by Officer McKenzie for careless and reckless driving. Officer McKenzie

 then conducted a traffic stop during which time Corporal Faulk and Officer Lucas

 arrived. Corporal Faulk walked up to the vehicle, retrieved Gooch’s driver’s license,

 and ran the vehicle’s registration. Upon observing Defendant to be moving

 excessively in the passenger seat while the traffic stop was ongoing, Officer Lucas

 pulled Defendant out of the vehicle. The officers next asked Gooch and Defendant for

 permission to search the vehicle but were denied consent.

¶9 An officer then shined his flashlight into the vehicle’s passenger side and

 observed a plastic container with marijuana on the floorboard. A search of the vehicle

 ensued. The officers additionally discovered Alprazolam (Xanax) and Oxycodone

 inside the glove box and Clonazepam, a glass marijuana pipe, and one Cigarillo in

 the center console. Defendant denied owning any of these substances and alleged the

 substances belonged to Gooch. Gooch at first claimed all the substances belonged to

 herself; then claimed the substances belonged to nobody; and thereafter claimed half

 of the substances belonged to herself and the other half belonged to Defendant.

¶ 10 Defendant remained outside of the vehicle while the search was conducted.
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 Corporal Faulk testified that during the search Defendant appeared “unsteady on his

 feet” and was “falling in and out.” Due to Defendant’s appearance and conduct, the

 officers called Emergency Medical Services to treat Defendant. Defendant refused

 medical treatment; and, furthermore, at no point was a blood test performed on

 Defendant to determine what substance, if any, caused Defendant’s appearance of

 impairment.

¶ 11 After conducting a hearing on the probation violations, the trial court revoked

 Defendant’s probation for 18 CRS 052027 and 19 CRS 052656 by written judgments

 entered July 29, 2020. Defendant gave oral notice of appeal in open court at the

 hearing.

 II. Discussion

¶ 12 In North Carolina, a court may revoke a defendant’s probation when the

 defendant commits a criminal offense in any jurisdiction in violation of N.C. Gen.

 Stat. § 15A-1343(b)(1); violates a condition of his probation when the defendant has

 previously “received a total of two periods of confinement” under N.C. Gen. Stat. §

 15A-1344(d2) (2021); or “absconds by willfully avoiding supervision or willfully

 making the defendant’s whereabouts unknown to the supervising probation officer”

 in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) (2021). N.C. Gen. Stat. § 15A-1344(a)

 (2021). Upon revocation of probation, the sentence the defendant “may be required

 to serve is the punishment for the crime of which he had previously been found
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 guilty.” State v. Hewett, 270 N.C. 348, 352, 154 S.E.2d 476, 479 (1967) rev’d on other

 grounds, Hewett v. North Carolina, 415 F.2d 1316 (1969).

¶ 13 In reviewing a trial court’s decision to revoke a defendant’s probation, we

 review for abuse of discretion. State v. Murchison, 367 N.C. 461, 464, 758 S.E.2d 356,

 358 (2014). An abuse of discretion occurs when “a ruling ‘is manifestly unsupported

 by reason or is so arbitrary that it could not have been the result of a reasoned

 decision.’ ” State v. Maness, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009) (quoting

 State v. Peterson, 361 N.C. 587, 602, 652 S.E.2d 216, 227 (2007)). Generally, “when

 judgment is suspended in a criminal action upon good behavior or other conditions,

 the proceedings to ascertain whether or not the conditions have been violated are

 addressed to the sound discretion of the judge . . . .” State v. Guffey, 253 N.C. 43, 45,

 116 S.E.2d 148, 150 (1960).

¶ 14 Although Defendant would have us find “substantial evidence” is the standard

 for evidence in a probation hearing, our Supreme Court established in State v. Guffey

 the evidentiary standard in a probation hearing is “competent evidence.” Id., 253

 N.C. at 45, 116 S.E.2d at 150 (citations omitted); see Hewett, 270 N.C. at 353, 154

 S.E.2d at 480 (“[T]he alleged violation of a valid condition of probation need not be

 proven beyond a reasonable doubt.”). Competent evidence is evidence that is

 admissible or otherwise relevant. Competent Evidence BLACK’S LAW DICTIONARY (7th

 ed. 1999)).
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 A. Competent Evidence to Support a Judgment of Simple Possession

¶ 15 Defendant first contends the evidence was insufficient for the trial court to find

 he possessed Oxycodone, Xanax, and Clonazepam. We disagree.

¶ 16 “Possession of any item may be actual or constructive.” State v. Alston, 131

 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998), superseded by statute on other

 grounds, Act of Aug. 12, 2004, ch. 186, 2004 N.C. Sess. Laws 186; see State v. Perry,

 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986) (stating when a defendant is prosecuted

 for contraband “the prosecution is not required to prove actual physical possession of

 the materials[,]” rather, “[p]roof of constructive possession is sufficient and that

 possession need not always be exclusive” ); see also See State v. Harvey, 281 N.C. 1,

 187 S.E.2d 706 (1972); State v. Fuqua, 234 N.C. 168, 66 S.E.2d 667 (1951). Actual

 possession occurs when the party has “physical or personal custody of the item.”

 Alston, 131 N.C App. at 519, 508 S.E.2d at 318. Constructive possession occurs when

 the accused “has both the power and intent to control its disposition or use.” Harvey,

 281 N.C. at 12, 187 S.E.2d at 714 (1972); see Alston, 131 N.C. App. at 519, 508 S.E.2d

 at 318. Circumstances which are sufficient to support a finding of constructive

 possession include “close proximity to the controlled substance and conduct indicating

 an awareness of the drugs, such as efforts at concealment or behavior suggesting a

 fear of discovery . . . .” State v. Turner, 168 N.C. App. 152, 156, 607 S.E.2d 19, 22-23

 (2005).
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

¶ 17 In State v. Turner, our Supreme Court held there was sufficient evidence for

 constructive possession when the defendant appeared agitated and nervous, his

 hands were jumbling around, and he appeared to be passing a tube back and forth

 underneath a blanket. Id. The tube was discovered to contain cocaine and though

 the defendant denied possession of the tube and did not have exclusive control over

 the premises, our Supreme Court held that a totality of the circumstances constituted

 “sufficient evidence of constructive possession of cocaine.” Id. at 154-57, 607 S.E.2d

 at 21-23.

¶ 18 Here, the trial court found Defendant was in simple possession of Oxycodone,

 Xanax, and Clonazepam from the evidence presented at the hearing. The State’s

 evidence tended to show Gooch was pulled over for careless and reckless driving and

 Defendant was seated in the passenger side of the vehicle. While Officer McKenzie

 was conducting the traffic stop, Defendant, like the defendant in Turner, exhibited

 behavior suggesting his fear of discovery of the drugs therein because he continued

 to move “a lot . . . in the passenger side.” Indeed, Defendant’s movement was to the

 extent that Corporal Faulk ultimately had to remove Defendant from the vehicle. A

 search ensued when an officer observed marijuana in a clear container on the

 floorboard of the passenger side. The fruits of this search showed Defendant was in

 “close proximity to the controlled substance” as a pill bottle containing Xanax,

 Oxycodone, and Clonazepam was found inside the glove box located directly in front
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 of the passenger’s seat. Id. at 156, 607 S.E.2d at 22.

¶ 19 In addition to Defendant being in “close proximity to the controlled substance”

 and exhibiting “behavior suggesting a fear of discovery[,]” Defendant also showed

 obvious signs of impairment. Id. at 156, 607 S.E.2d at 22-23. Corporal Faulk stated

 Defendant was “unsteady on his feet” and “falling in and out” while standing outside

 of the vehicle. Due to concerns for Defendant because of the signs of obvious

 impairment, Emergency Medical Services were called “to come check him out[] [and]

 make sure he did not need to go to the hospital.” Notably, most of the State’s evidence

 was admitted by the trial court without objection from Defendant.

¶ 20 In light of the evidence presented by the State, we find competent evidence

 existed to support the trial court’s finding of simple possession of a controlled

 substance. As such, the trial court’s activation of Defendant’s previously suspended

 sentences “are not reviewable on appeal, unless there is a manifest abuse of

 discretion.” Guffey, 253 N.C. at 45, 116 S.E.2d at 150; see Pelley, 221 N.C. 487, 500,

 20 S.E.2d 850, 858 (1942). There is no evidence of abuse of discretion by the trial

 court in this proceeding. We therefore hold the trial court did not err by revoking

 Defendant’s probation based upon its finding that Defendant committed the offense

 of simple possession of Oxycodone, Xanax, and Clonazepam while on probation.

¶ 21 While our dissenting colleague correctly identifies that a finding of

 constructive possession requires more than a defendant merely being present within
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 a vehicle in which drugs are found, State v. Ferguson, 204 N.C. App. 451, 459-60, 694

 S.E.2d 470, 477 (2010), other incriminating circumstances existed in the case sub

 judice to support the trial court’s finding that Defendant violated the terms of his

 probations by committing the offenses of possessing a schedule II and IV substance.

 See id. (“As a general rule, mere proximity to persons or locations with drugs about

 them is usually insufficient, in the absence of other incriminating circumstances, to

 convict for possession.” (internal quotation marks omitted)).

 B. Competent Evidence of Maintaining a Vehicle for Sale of a Controlled
 Substance

¶ 22 Defendant next argues there was no substantial evidence to support the trial

 court’s finding Defendant willfully maintained a vehicle for the sale of a controlled

 substance. We agree, but hold this error was not prejudicial.

¶ 23 Section 90-108(a)(7) of our general statutes states, in relevant parts,

 [i]t shall be unlawful for any person . . . [t]o knowingly keep
 or maintain any . . . vehicle . . . which is resorted to by
 persons using controlled substances . . . for the purpose of
 using such substances, or which is used for the keeping or
 selling of the same . . . .

¶ 24 N.C. Gen. Stat. § 90-108(a)(7) (2021). The word “keep” in Section 90-108(a)(7)

 “refers to possessing something for at least a short period of time—or intending to

 retain possession of something in the future—for a certain use.” State v. Rogers, 371

 N.C. 397, 402, 817 S.E.2d 150, 154 (2018). When determining if a defendant kept a
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 vehicle, the “focus of the inquiry is on the use, not the contents, of the vehicle.” State

 v. Mitchell, 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994), overruled in part by State v.

 Rogers, 371 N.C. 397, 817 S.E.2d 150 (2018). “Maintain” as used in Section 90-

 108(a)(7) means to “bear the expense of; carry on . . . hold or keep in an existing state

 or condition.” State v. Allen, 102 N.C. App. 598, 608, 403 S.E.2d 907, 913 (1991)

 (quoting Black’s Law Dictionary 859 (5th ed. 1979)), rev’d on other grounds, 332 N.C.

 123, 418 S.E.2d 225 (1992).

¶ 25 Although the definitions of “keep” and “maintain” differ, “they do not describe

 separate offenses[] . . . [and are] often used interchangeably . . . .” State v. Weldy, 271

 N.C. App. 788, 791, 844 S.E.2d 357, 361 (2020). When deciding if a defendant violated

 Section 90-108(a)(7), this court looks to circumstances such as “defendant’s use of the

 vehicle, title to or ownership of the vehicle, property interest in the vehicle, payment

 toward the purchase of the vehicle, and payment for repairs to or maintenance of the

 vehicle.” Id.; see also State v. Alvarez, 260 N.C. App. 571, 575, 818 S.E.2d 178, 182

 (2018).

¶ 26 In this case, the violation reports purported, amongst other allegations,

 Defendant had committed the criminal offense of “maintaining a place for a controlled

 substance.” At the hearing, Corporal Faulk’s testimony tended to show Gooch was

 pulled over for careless and reckless driving, Defendant was merely Gooch’s

 passenger, and that the vehicle belonged to neither Gooch nor Defendant, but rather
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 belonged to Gooch’s grandmother. The State presented no competent evidence that

 Defendant possessed any ownership interest in the vehicle, paid for any expenses in

 connection with the vehicle, or used the vehicle aside from this instance where he was

 a passenger. Accordingly, no evidence supports the trial court’s finding Defendant

 violated a condition of his probation by “maintaining a place for a controlled

 substance.”

¶ 27 However, the absence of competent evidence to support the trial court’s finding

 Defendant maintained a place for a controlled substance does not necessarily mean

 the trial court abused its discretion by revoking Defendant’s probation. The plain

 text of N.C. Gen. Stat. § 15A-1343 states the “defendant must[] [c]ommit no criminal

 offense.” N.C. Gen. Stat. § 15A-1343(b)(1) (2021). The word “offense” in Section 15A-

 1343 is singular, denoting a singular new criminal offense is sufficient to revoke

 probation. See N.C. Gen. Stat. § 15A-1344(a) (2021); see also State v. Coltrane, 307

 N.C. 511, 516, 299 S.E.2d 199, 202 (1983) (“The evidence in a probation revocation

 hearing must satisfy the court that defendant has willfully or without lawful excuse

 violated a condition of probation.” (emphasis omitted)).

¶ 28 The trial court is not required under the language of N.C. Gen. Stat. § 15A-

 1344(a) and N.C. Gen. Stat. § 15A-1343(b)(1) to find more than one new criminal

 offense exists in order to revoke a defendant’s probation. Here, the trial court found

 Defendant committed multiple probation violations. In its judgment revoking
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

 Defendant’s probation for 18 CRS 052027, the trial court found Defendant violated

 his probation by failing to pay any money since being placed on probation; failing to

 pay any supervision fees; possessing with the intent to deliver a schedule IV

 substance; maintaining a place for a controlled substance; and simple possession of a

 schedule II and IV substance. Likewise, in its judgment revoking Defendant’s

 probation for 19 CRS 052656, the trial court found Defendant violated his probation

 by failing to pay any money since being placed on probation; possessing with the

 intent to deliver a schedule IV substance; maintaining a place for a controlled

 substance; and simple possession of a schedule II and IV substance.

¶ 29 As discussed supra, sufficient competent evidence existed to support the trial

 court’s finding that Defendant committed the criminal offense of simple possession of

 a controlled substance. Thus, despite the lack of competent evidence that Defendant

 maintained a vehicle for sale of a controlled substance, the trial court did not abuse

 its discretion by revoking Defendant’s probation and activating his suspended

 sentences.

 III. Conclusion

¶ 30 After a careful review of the record and applicable law, we hold the trial court

 did not abuse its discretion by revoking Defendant’s probation and activating his

 sentences. Accordingly, the judgments of the trial court are affirmed.

 AFFIRMED.
 STATE V. BRADLEY

 2022-NCCOA-163

 Opinion of the Court

Judge GORE concurs.

Judge HAMPSON dissents by separate opinion.
 No. COA20-873 – State v. Bradley

 HAMPSON, Judge, dissenting.

¶ 31 The majority correctly concludes no evidence supports the trial court’s Finding

 Defendant violated a condition of his probation by “maintaining a place for a

 controlled substance.” However, the evidence in this case is also insufficient to

 establish Defendant violated a condition of his probation by committing the criminal

 offense(s) of simple possession of Schedule II and IV controlled substances. Thus, the

 evidence does not support the trial court’s determination Defendant willfully violated

 the condition of his probation that Defendant not commit any criminal offense as

 alleged in the violation report(s). Therefore, the trial court abused its discretion in

 revoking Defendant’s probation on this basis. Consequently, the trial court’s

 Judgments revoking Defendant’s probation should be reversed. Accordingly, I

 dissent.

 I.

¶ 32 It is important to first make clear the criminal offense(s) Defendant was

 alleged to have committed and what offense was not alleged. Defendant was alleged

 to be in simple possession of Schedule II and IV controlled substances. These offenses

 apparently correspond to the pill bottle containing alprazolam (Schedule IV), the

 oxycodone pill (Schedule II), and the clonazepam (Schedule IV) pill found in the glove

 box of the car. See N.C. Gen. Stat. § 90-90(1)(13) (listing oxycodone in Schedule II);

 N.C. Gen. Stat. § 90-92(a)(1)(a),(i) (listing alprazolam and clonazepam in Schedule

 IV). Defendant was not alleged to have been in possession of the marijuana found on
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

 the passenger side floorboard.1 See N.C. Gen. Stat. § 90-94(1) (listing marijuana in

 Schedule VI).

¶ 33 The fact Defendant was not alleged to have committed the offense of possession

 of the marijuana is significant. This is because the State hinged much of its case—if

 not the majority—on the marijuana. Indeed, after the conclusion of the evidence, the

 State’s argument in full heavily relied on the marijuana:

 Your Honor, I believe Corporal Faulk testified that there was
 what is believed to be marijuana in the passenger floorboard
 where Mr. Bradley was seated. Furthermore, that he was
 unsteady on his feet, and they were concerned for him such that
 they called EMS, despite the fact that he refused EMS.

 Additionally that there were controlled substances in the glove
 box, that while Ms. Gooch went back and forth about whether or
 not it was hers, she did implicate that some of them were the
 defendant’s, and that there were -- there was marijuana
 paraphernalia also found in the vehicle.

 Your Honor, I think that there’s sufficient evidence that the
 defendant was constructively in possession of the marijuana,
 given that it was on the floorboard in a seat where he was sitting.

 The State did so despite the fact the State never alleged Defendant committed this

 offense in violation of his probation.

 1 A critical reviewer of this case may well wonder why—if the State was going to allege

 possession of anything on a “constructive possession” theory on these facts—it didn’t allege
 constructive possession of marijuana.
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

¶ 34 Compounding this confusion as to what offense or offenses Defendant was

 alleged to have committed, in rendering its decision, the trial court did not specifically

 identify what offenses it found Defendant had committed in violation of his probation,

 stating: “The Court finds the respondent has unlawfully, willfully and without legal

 justification violated the terms and conditions of his probation as is alleged in the

 violation reports, and the Court specifically finds that he’s committed subsequent

 offenses.” The trial court’s Judgments also do not independently identify the offenses

 found to have been committed instead reciting violations of paragraph numbers of

 the violation reports. As such, there is a legitimate question on the existing record

 as to whether the trial court relied on a non-alleged offense of possession of

 marijuana, in whole or in part, to find grounds to revoke Defendant’s probation. If

 the trial court—as a result of the State’s representations—was acting under a

 misapprehension Defendant was alleged to have possessed the marijuana, this would

 constitute an abuse of discretion. At a minimum, this would require a remand to the

 trial court to clarify its ruling and determine whether the evidence supported a

 finding Defendant committed the offenses he was actually alleged to have committed.

 II.

¶ 35 Indeed, the majority opinion focuses its analysis of whether the evidence

 supports the trial court’s Judgments revoking probation—quite correctly—only on

 possession of the Schedule II and IV substances. As the majority articulates:
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

 “Possession of any item may be actual or constructive.” State v. Alston, 131 N.C. App.

 514, 519, 508 S.E.2d 315, 318 (1998). The evidence here does not support a theory of

 actual possession of the Schedule II and IV substances by Defendant. Nobody in this

 case argues it does.

¶ 36 Instead, the State contends—and the majority agrees—the evidence was

 adequate to support a finding Defendant constructively possessed the Schedule II and

 IV substances. The law related to constructive possession applicable to this case was

 well-summarized by our prior decision in State v. Ferguson:

 “A person is in constructive possession of a thing when, while not
 having actual possession, he has the intent and capability to
 maintain control and dominion over that thing.” State v. Beaver,
 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986) (citing State v.
 Williams, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983)). “Unless
 a defendant has exclusive possession of the place where the
 contraband is found, the State must show other incriminating
 circumstances sufficient for the jury to find a defendant had
 constructive possession.” State v. Miller, 363 N.C. 96, 99, 678
 S.E.2d 592, 594 (2009) (citing State v. Matias, 354 N.C. 549, 552,
 556 S.E.2d 269, 271 (2001)). As a general rule, “ ‘mere proximity
 to persons or locations with drugs about them is usually
 insufficient, in the absence of other incriminating circumstances,
 to convict for possession.’ ” State v. Weems, 31 N.C. App. 569, 570,
 230 S.E.2d 193, 194 (1976) (citations omitted). Accordingly, “the
 mere presence of the defendant in an automobile in which illicit
 drugs are found does not, without more, constitute sufficient proof
 of his possession of such drugs.” Weems, 31 N.C. App. at 571, 230
 S.E.2d at 194.

 204 N.C. App. 451, 459–60, 694 S.E.2d 470, 477 (2010).
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

¶ 37 In this case, the evidence, without more, simply does not support a finding

 Defendant was in constructive possession of the Schedule II and IV substances found

 inside of a pill bottle inside of a glove box of a car not owned nor operated by

 Defendant.2 In its analysis, the majority correctly summarizes the salient evidence

 offered by the State: Gooch was pulled over for suspected driving while impaired and

 Defendant was Gooch’s passenger; Defendant was removed from the vehicle due to

 “a lot of excessive moving in the passenger side”; Defendant was characterized as

 “unsteady on his feet” and “falling in and out”; after Defendant was removed from the

 car, a search of the vehicle revealed a pill bottle containing Xanax, Clonazepam, and

 Oxycodone inside the glove box.3 Additionally, the evidence showed the car was not

 registered to Defendant but rather Gooch’s grandmother and there was no evidence

 Defendant had or exercised any ownership of the car.

¶ 38 First, the mere fact Defendant was a passenger in the car is, by itself,

 2 Additionally, I am not convinced there is any difference between Defendant’s
 proffered “substantial evidence” standard and the majority’s “any competent evidence
 standard,” but to the extent there is any daylight between the two, I reach the same
 conclusion: there is no competent evidence to support a finding of constructive possession.
 3 I note with appreciation that the majority does not rely on the evidence of the out-

 of-court statements from Gooch concerning who owned the substances in the car. The State
 offering those out-of-court statements to prove the substances belonged, in whole or part, to
 Defendant constitutes inadmissible hearsay testimony. Even though Defendant did not
 object to these statements, we also presume the trial court did not rely on them either. See
 State v. Allen, 322 N.C. 176, 185, 367 S.E.2d 626, 631 (1988) (“The presumption in non-jury
 trials is that the court disregards incompetent evidence in making its decision.”).
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

 insufficient to establish constructive possession. Id. Second, the two additional

 incriminating circumstances were: (1) Defendant was removed from the car for

 “excessive moving” and (2) he was unsteady on his feet and appeared to be “falling in

 and out.”

¶ 39 Here, there was no evidence Defendant’s “excessive moving” had any

 connection to the pill bottle or was an attempt to conceal the substances. In prior

 cases, the suspicious or nervous behavior conduct indicated “an awareness of the

 drugs, such as efforts at concealment or behavior suggesting a fear of discovery.”

 State v. Turner, 168 N.C. App. 152, 156, 607 S.E.2d 19, 22–23 (2005) (evidence two

 suspects were passing a tube later determined to contain cocaine between each other

 under a blanket); see also State v. McNeil, 359 N.C. 800, 801–02, 617 S.E.2d 271, 272–

 73 (2005) (defendant acted nervous, ran from police, and admitted possession of some

 of the drugs that police found); State v. Butler, 356 N.C. 141, 147–48, 567 S.E.2d 137,

 141 (2002) (taxicab driver felt defendant “struggling” in the backseat behind him and

 pushing against the front seat, and the police found drugs under the seat 12 minutes

 later); State v. Harrison, 14 N.C. App. 450, 450–51, 188 S.E.2d 541, 542 (1972) (officer

 noticed the defendant moving around on the back seat and partially concealing a

 brown envelope with his hand). In this case, there was no evidence that Defendant’s

 excessive moving indicated any awareness of the Schedule II or IV substances in the

 glove box or that he was attempting to conceal the Schedule II and IV substances.
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

 Nor was there evidence Defendant was evasive or non-compliant with law

 enforcement.

¶ 40 Next, the evidence Defendant was unsteady on his feet and “falling in and out”

 appears to be used as circumstantial evidence that Defendant was impaired.

 However, there is no evidence Defendant’s impairment was the result of ingesting

 Schedule II or IV substances. For example: there was no evidence of a blood test, no

 evidence Defendant’s behavior was consistent with one impaired by the Schedule II

 and/or IV substances, or any evidence from which such impairment might be inferred.

 Any speculation Defendant was impaired by the Schedule II and IV substances and

 thus, Defendant was “in possession” of those substances is just that: speculation. See

 State v. Angram, 270 N.C. App. 82, 87, 839 S.E.2d 865, 868 (2020) (“Although

 circumstantial evidence may be sufficient to prove a crime, pure speculation is not,

 and the State's argument is based upon speculation.”).

¶ 41 Thus, because the evidence of Defendant’s “constructive possession” of

 Schedule II or IV substances is nothing more than speculative, there is no competent

 evidence to support a finding Defendant committed the offenses of possession of a

 Schedule II and Schedule IV substances. Thus, the trial court erred in finding

 Defendant violated conditions of his probation by committing the subsequent offenses

 alleged in the violation reports. Consequently, the trial court erred in entering its

 Judgments, revoking Defendant’s probation, and activating his sentences.
 STATE V. BRADLEY

 2022-NCCOA-163

 HAMPSON, J., dissenting

Accordingly, the trial court’s Judgments should be reversed.